

# The Attorney General of Texas

May 1, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

OVERRULES IN PART MW-382

Mr. R. K. Procunier
Director
Texas Department of Corrections
P. O. Box 99
Huntsville, Texas 77340

Opinion No. JM-314

Re: Whether article 6184f, V.T.C.S., prohibits classification of an inmate as a trusty for the purpose of article 6181-1, V.T.C.S.

Dear Mr. Procunier:

You have asked whether article 6184f, V.T.C.S.,

> prohibits the Texas Department of Corrections from classifying an inmate returned due to revocation of his parole or mandatory supervision as 'trusty' for the purpose of earning good conduct pursuant to article 6181-1, section 3(a)(3), V.T.C.S.

You note your agency's "strongly held opinion that it does not, but because of Texas Attorney General Opinion MW-382 (1981)" you feel compelled to make this opinion request. The second question dealt with in MW-382 asked the following:

> Does the Texas Department of Corrections have the discretion to classify an inmate who is a parole violator or mandatory supervision returnee as a state approved trusty. . . ?

The opinion based the answer to this question on article 6184f, V.T.C.S., which provides as follows:

> Whenever a convict violates his trust or his conduct is such that he makes himself objectionable to the citizens of the community in which he is located, and complaint is made to the Board of Prison Commissioners, or to any officer having charge of said convict by two or more good and reliable citizens, and it is found upon investigation by the Prison Commission that the complaint is well founded, such convict shall not thereafter be eligible to appointment as a trusty for twelve

> months.  It shall be the duty of the Prison
> Commissioners to see that the warden and farm
> managers faithfully carry out the provisions of
> this Act.  (Footnote omitted).

Relying on this provision, Attorney General Opinion MW-382 concluded
that

> the Texas Board of Corrections does not have the
> discretion to classify an inmate who is a parole
> violator or mandatory supervision returnee as a
> state approved trusty until at least twelve months
> after the inmate's return to the Texas Department
> of Corrections.

On reconsideration of this question, we have determined that article
6184f, V.T.C.S., does not address violations of parole or mandatory
supervision conditions.

Article 6184f was enacted in 1925 as section 6 of a bill entitled
"An Act to regulate and more definitely prescribe the manner of
handling trusties around the penitentiaries and penitentiary
farms. . . ."  Acts 1925, 39th Leg., ch. 19, §6, at 46-7.  The
prohibition by that section 6, which has remained unchanged as article
6184f, of an inmate being classified as a trusty for twelve months
after violating "his trust" by objectionable conduct obviously
pertained to the inmate's behavior outside the prison while in a
"trusty" status.  It is apparent that the only purpose of article
6184f was to prevent the prison from allowing an inmate returned to
the prison for misbehavior while outside the prison from being
appointed a "trusty" with freedom to be unguarded outside the prison.
The legislature did not want an inmate who was returned for
objectionable conduct while in the community in a "trusty" status to
be allowed back in the community as a "trusty" for at least one year.
However, article 6184f does not have any bearing on an inmate's
ability to earn good conduct time.  Article 6184f should therefore be
limited to the evil it was intended to remedy:  prohibiting certain
inmates from being allowed to be at large in the community for a
certain period of time.  We therefore conclude that the answer to the
second question in MW-382 was incorrect insofar as it purported to
proscribe prospective classification of a parole or mandatory
supervision returnee as a trusty.

We believe that article 6181-1, V.T.C.S., controls the provision
of good conduct time to inmates.  Section 2 of article 6181-1,
V.T.C.S., requires the department to classify all inmates upon arrival
and to reclassify them as warranted.  Section 3(a) establishes the
amount of good conduct time accrued by inmates in the following three
classifications:  Class I, Class II, and trusty.  No good conduct time

accrues while an inmate is a Class III inmate or is on parole or under mandatory supervision. V.T.C.S. art. 6181-1, §3(b). Section 4 of article 6181-1, provides as follows:

> Upon revocation of parole or mandatory supervision, the inmate . . . <u>upon return to the department</u> may accrue new good conduct time for subsequent time served in the department. (Emphasis added).

Thus, the legislature has expressly provided that an inmate released on parole or mandatory supervision who has been thereafter returned to the Texas Department of Corrections accrue new good conduct time. The intention of the legislature as reflected in the whole statute, and especially section 4, is to make an inmate eligible to earn good conduct time credit even upon return to the Texas Department of Corrections from parole or mandatory supervision. The construction of article 6184f, V.T.C.S., set out in Attorney General Opinion MW-382 is inconsistent with this intent.

For the foregoing reasons we conclude that article 6184f has no bearing on the discretion of the Texas Department of Corrections to classify an inmate returned for violating his parole or mandatory supervision as a "trusty" for the purpose of receiving good conduct time credit under article 6181-1, section 3(a)(3). Hence, to the extent that Attorney General Opinion MW-382 holds otherwise, it is hereby overruled.

### SUMMARY

Article 6184f, V.T.C.S., does not prohibit the Texas Department of Corrections from classifying an inmate returned due to revocation of parole or mandatory supervision as a "trusty" for purposes of good conduct time under section 3(a)(3) of article 6181-1, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Colin J. Carl
and Susan L. Garrison
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton